UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSENDO PALOMO GUTIERREZ, | No. 12-cv-02679-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| CITY OF YUBA CITY, YUBA CITY POLICE DEPARTMENT, Officer SOUTHWARD, in his official and individual capacity, Officer SLADE in his official and individual capacity, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Rosendo Palomo Gutierrez ("Plaintiff") filed a 42 U.S.C. § 1983 civil rights action on October 30, 2012.[1] On November 27, 2012, City of Yuba City, Yuba City Police Department, Officer Southward and Officer Slade (collectively referred to as "Defendants") filed a Motion to Dismiss. (ECF No. 7.) For the reasons described below, Defendants' Motion is GRANTED.

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

On December 16, 2009, Plaintiff's neighbor reported to the Yuba City Police Department that the neighbor heard gunshots and arguing coming from Plaintiff's home. After receiving the neighbor's report, Officers Southward and Slade went to Plaintiff's home. Plaintiff told the officers that he was arguing with his wife, but no shots were fired at his home. The officers insisted on checking the house for weapons despite Plaintiff's assurance that the home was safe. While searching the home for weapons, a physical altercation ensued between Plaintiff and Officers Southward and Slade.   As a result, Plaintiff was arrested on December 16, 2009.  Later, a jury acquitted Plaintiff on June 23, 2010.[2]

**STANDARD**

Congress did not include a specific statute of limitations to govern § 1983 actions. Consequently, the Supreme Court has held "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50 (1989).  Federal Courts in California apply California's two-year statute of limitations for personal injury actions brought under § 1983.  Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004); Cal. Code Civ. Proc., § 335.1 (West 2012). California law also provides a two-year tolling provision for civil actions against police officers while charges are pending before a superior court.

---

[2] Federal Rule of Evidence 201 empowers the Court to take judicial notice of "fact[s]… not subject to reasonable dispute because [the fact] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  In this case, Defendants asked the Court to take judicial notice of Plaintiff's trial in a Superior Court of California.  (ECF No. 7-2.)  The Court will take judicial notice of the proceeding and its outcome. Id.  The Court notes that neither party provided details about the arrest or charges.  Ultimately, the crime Plaintiff was charged with is irrelevant because a jury acquitted him.  The fact that Plaintiff was charged with a crime is only relevant to what day the criminal proceedings ended and the two-year clock began.

Cal. Gov. Code § 945.3 (West 2012).  Thus, in California, a plaintiff may file a § 1983 action against a police officer up to two years after any criminal proceedings are completed.

### ANALYSIS

The incident at issue in this case occurred on December 16, 2009.  As a result of the incident, Plaintiff was charged with a crime. Ultimately, a jury acquitted Plaintiff on June 23, 2010.  Beginning on June 23, 2010, Plaintiff could have filed a lawsuit against Defendants.  Plaintiff had two years to file his lawsuit, which ended on June 23, 2012.  Plaintiff missed the deadline by nearly four months, when he filed his Complaint on October 30, 2012.  Because Plaintiff filed this Complaint after the statute of limitations had run, the statute of limitations bars all of Plaintiff's claims.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's action be DISMISSED with prejudice.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    February 1, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE